Haynes, J.
The petition in this case was filed in the court of common pleas to modify the judgment or decree that^had been rendered before that time in a case wherein Adam Meissner was a'defendant and Anna Meissner, his former wife, was plaintiff. The testimony shows that Anna Meissner had filed a petition for divorce and alimony; that after quite a long *540 trial a decr.ee was rendered wherein divorce was granted and alimony to the amount of $1,500.00 allowed to Anna Meissner. From the decree for alimony appeal was taken by Adam Meissner to the circuit court. Application was made for alimony pendente lite in the circuit court, and a hearing was had upon affidavits and testimony, and a certain allowance was made. After that the parties commenced negotiating, and the result was that an agreement was reached whereby Anna Meissner released all right of dower in the husband’s land of every kind and nature, as I understand it, and all rights of every kind and nature, and he on his part agreed that the same decree for alimony might be entered in the circuit court as was entered in the court of common pleas, to-wit,for the sum of $1,500.00. And thereupon,acting upoix that agreement, the court proceeded to and did enter a decree of that kind — not as a matter of agreement by the parties, but upon the evidence of the parties that they were willing that should be entered. That decree stands in this court, and is as follows:
“This cause being in this court on appeal from the order of the court of common pleas for alimony, this day came on for hearing thereon, and the court having heard the evidence and arguments of counsel, and being fully advised in the premises, doeth find from the evidence that the plaintiff, Anna Meissner is entitled to alimony out of the estate of the said defendant Adam Meissner in the sum of $1,500.-00. It is further ordered, adjudged and decreed by the court that the said plaintiff have and recover from the said defendant the said sum of $1,500.00, and that said defendant pay to the said plaintiff the said sum of $1,500.00 in installments as follows, to-wit: $500 on or before the 25th of January, 1895; $200 on or before the 15h day of May, 1895; and $200 every three months thereafter until the whole amount of $1,500 shall have been paid, and the same is hereby made a lien upon all the real estate of the said defendant Adam Meissner, described as follows, etc. * * * And in default of any such payments for three days, *541 execution is allowed to issue therefor. It is further considered, ordered and adjudged by the court that the defendant Adam Meissner pay all costs herein, and execution is awarded. ”
Some payments were made upon this decree or judgment, and thereupon, at a certain date, perhaps in May, the plaintiff Anna Meissner, sold the decree to her daughter Emma Bergman, who was to take care of her mother during her lifetime, and who proceeded to and did do so.
The testimony shows that at the trial of the case, and prior to it, in the court of common pleas, Anna Meissner wasjan invalid, and had been for some time, and that the prospects were that she would never be anything other than an~invalid so long as she lived. This daughter continued to care for her mother until some months later, the exact date4I do^not remember, when the mother died. Thereupon the plaintiff Adam Meisner, who was the defendant in the original suit, filed his petition in the court of common pleas to have the decree modified so that the amount of alimony that was due upon the installments after the death of Anna Meissner, should be cancelled and set aside. That wasjheard in the court of common pleas, and the application was refused. The case was appealed here, and now the matter has been brought before us.
It appears from the statement made and the testimony that payments had been made upon this alimony, and after deducting the proper attorney’s fees and some costs and expenses, the sum of $400 had been turned over to Anna Meissner, leaving a balance of seven or eight hundred dollars due. It appears from the testimony of Mrs. Bergman that the actual expense of medical attendance and some other matters, such as carriage hire for the convenience and comfort of her mother, amounted to somewhere in the neighborhood of $700; and that this daughter, who had been before that working as a milliner and dressmaker, or at least *542 working for a lady upon a certain salary per week — $25 perhaps — upon her mother coming to live with her,gave up that employment and devoted her whole time to caring for her mother, who required a great deal of care and attention; that she makes no claim for her services, but she never could have hired another person to perform the same services as nurse for her mother in the city of Chicago for less than $15 per week.
There are three reasons why we think this application ought not to be granted. In the first place, the amount of $1,500 is an absolute judgment, setting apart that much of the property of Adam Meissner for the support and maintenance of this wife during her lifetime. It is somewhat different from what it would be if she had been allowed an amount of $50 during her life time. This matter was gone into pretty extensively in the court of common pleas, and the court, upon a full investigation of the matter, granted this alimony as a sum total for her support and maintenance during the remainder of her life; and upon the ase being appealed to the circuit court, there was an arrangement made and a contract entered into, whereby this amount was to be given to her, upon her surrendering whatever rights she might have by way of dower or otherwise in. the property of her husband. That right, under the condition, might not have been very valuable, nevertheless it was a right, and a valuable right to a certain extent, and it was a consideration which the defendant Adam Meissner was anxious to get. Evidently he was anxious to get all his property clear of the inchoate right of dower in favor of Anna Meissner. It might be he wanted to borrow money, and in that event it would be very valuable to have that inchoate right out of. the way. At any' rate, the agreement was made, and it is a matter which should have a bearing on the decision of this court.
In the third place we are not satisfied that this amount *543 was any more than fair and just, and reasonable, taking all the circumstances of the case into consideration. It is said she spent money faster than she needed to; that they went riding when it wasn’t necessary. Suffice to say all that, as was said by Judge King upon the hearing of the case, when this amount was given to her, it was hers. Although portions of the judgment might be paid in installments, she had a right to sell it as she saw fit; she had a right to use her own judgment as to her own comfort and convenience as to how ihe should live for the remainder of her days. We think the defendant Adam Meissner had no right to interfere or to make any suggestions as to how or in what manner she should live. After taking out reasonable counsel fees and expenses, we think the balance is no more than she ought to have.
J. E. Pilliod, for plaintiff in error.
Kinney & Newton, for defendant in error.
For these reasons the application of the plaintiff, Adam Meissner, the defendant in the original case, will be denied by this court, and judgment will be rendered against him for the costs of this proceeding.